## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

FRANTISEK PRIBYL,

      Plaintiff,

v.                                                     Case No.  4:21-cv-132-MW/MJF

JOSEPH BODIFORD,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon referral from the clerk of the court. The undersigned respectfully recommends that the District Court dismiss this civil action for lack of subject-matter jurisdiction.[1]

### I. BACKGROUND

On March 15, 2021, Plaintiff Frantisek Pribyl filed a complaint against Defendant Joseph Bodiford. The entirety of the complaint states:

> 1. Plantiff Frantisek Pribyl file This Complaint because Mr. J.Bodiford breach contract and strip outPlaintiff Frantisek Pribyl from $$$.

> 2. Mr. Bodiford refuse or do NOT react on request to return any of money recived for representation of Frantisek Pribyl in His Criminal Case.

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

3. In any point or case Mr.J.Bodiford have NO right to keep money for expert's that recived in Plaintiff Criminal Case.

4. Mr.Bodiford have NO right to keep money for something His NOT do, Mr. Bodiford in any case is NOT authorized to abuse His position as Lawyer and threat His client's.

(Doc. 1) (typographical and grammatical errors in original).

On March 22, 2021, the undersigned ordered Plaintiff to amend his complaint. In that order, the undersigned noted that Plaintiff's complaint was deficient insofar as Plaintiff had not properly pleaded subject-matter jurisdiction. The undersigned advised Plaintiff that "every complaint 'must contain a short and plain statement of the grounds for the court's jurisdiction . . . .' Fed. R. Civ. P. 8(a)(1). Here, the complaint fails to provide a short plain statement showing that this court has subject matter jurisdiction over the claim." (Doc. 3 at 2). In order to assist Plaintiff in properly pleading subject-matter jurisdiction, the undersigned directed the clerk of the court to send to Plaintiff a civil complaint form approved for use in the Northern District of Florida.[2] (*Id.*). The undersigned ordered Plaintiff to include a plain statement of the grounds for the court's subject-matter jurisdiction.

---

[2] This complaint form explains both federal-question and diversity-of-citizenship jurisdiction and provided instructions on how to properly plead subject-matter jurisdiction.

The undersigned set a deadline of April 22, 2021, for Plaintiff to file an amended complaint. Upon Plaintiff's request, the undersigned extended the deadline to May 24, 2021. Plaintiff failed to comply with that deadline.

On June 3, 2021, the undersigned ordered Plaintiff to show cause why the case should not be dismissed. (Doc. 7). In response, Plaintiff sought an extension of time to comply with the undersigned's order. (Doc. 8). The undersigned granted Plaintiff's motion and provided Plaintiff until August 16, 2021, to submit an amended complaint. (Doc. 9).

After Plaintiff failed to comply with the order, the undersigned again directed Plaintiff to show cause why the case should not be dismissed. (Doc. 10). The undersigned directed Plaintiff to respond by September 14, 2021. Plaintiff has not responded to that order and has never filed an amended complaint that provides a short and plain statement of the grounds for the District Court to exercise subject-matter jurisdiction.

## II. STANDARD

A federal court must assure itself that it enjoys subject-matter jurisdiction because federal courts are courts of limited jurisdiction, and they possess only the power authorized by Congress and the Constitution. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress may "give, withhold or restrict such

jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." *Kline v. Burke Constr. Co.*, 260 U.S. 226, 234 (1922). Indeed, the validity of a federal court's order depends upon that court possessing subject-matter jurisdiction. *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Absent a grant of subject-matter jurisdiction from Congress, a court "is powerless to act." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975) (noting that, absent jurisdiction, a court is "powerless to consider the merits" of a case). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868). To assist federal courts in determining whether they enjoy subject-matter jurisdiction in particular cases, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that plaintiffs include in their civil complaints a "short and plain statement of the ground for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

## III. DISCUSSION

The undersigned recommends dismissal of this action because Plaintiff has failed to establish that the District Court enjoys subject-matter jurisdiction over his claim.

## A.   <u>Failure to Allege Federal-Question Jurisdiction</u>

Article III of the United States Constitution empowers Congress to give federal courts jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." U.S. Const. art. III, § 2, cl. 1. The Supreme Court has broadly construed the "arising under" language of Article III to extend "to all cases in which a federal question is 'an ingredient' of the action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (quoting *Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 823 (1824)). The main purpose of federal-question jurisdiction is "the preservation of the constitution and laws of the United States, so far as they can be preserved by judicial authority." *Ames v. Kansas*, 111 U.S. 449, 470-71 (1884) (quoting *Cohens v. Virginia*, 19 U.S. 264, 391 (1821)); *see also Kansas v. Nebraska*, 574 U.S. 445, 456 n.5 (2015) (recognizing federal judicial authority to give effect to and remedy violations of federal law).

In bestowing general federal-question jurisdiction on federal courts, Congress authorized United States district courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although this statute uses the same "arising under" language as Article III, the Supreme Court has held that section 1331 confers less jurisdiction on the federal courts than the Constitution permits. *Verlinden B.V. v. Cent. Bank of Nigeria*, 461

U.S. 480, 494 (1983). The Supreme Court has not yet framed "a single, precise definition for determining which cases fall within, and which cases fall outside, the original jurisdiction of the district courts." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 8 (1983).

To determine whether it enjoys federal-question jurisdiction over an action, a federal court first must look at the subject matter of the "well-pleaded complaint." *Id.* at 9; *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) (observing that "a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon" federal law). In doing so, courts look to the substance, not merely the labels, of the plaintiff's claims as contained in his complaint. *See Mosher v. City of Phoenix*, 287 U.S. 29, 30 (1932). Federal-question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

According to Plaintiff's complaint, Plaintiff contracted with Defendant—an attorney—to represent Plaintiff, who was being prosecuted criminally.[3] As part of

---

[3] The undersigned takes judicial notice that on March 7, 2017, a federal grand jury charged Plaintiff with: (1) attempted enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and (2) traveling in interstate commerce for the purpose of engaging in sexual activity with a minor, in violation of 18 U.S.C. § 2423(b). *See United States v. Frantisek Pribyl*, No. 4:17-cr-15-MW (N.D. Fla.

this contract, Defendant was supposed to hire expert witnesses but either failed or refused to do so. Plaintiff demanded his money back because Defendant failed to abide by the terms of their contract. Defendant refused to provide Plaintiff with a refund.

Thus, it appears that Plaintiff is asserting a claim of breach of contract, or possibly a claim of unjust enrichment or malpractice. Any such claims arise under Florida law, and not under federal law. Thus, Plaintiff has failed to allege facts which indicate that the District Court enjoys subject-matter jurisdiction by virtue of a federal question.

## B.  <u>Failure to Allege Diversity-of-Citizenship Jurisdiction</u>

Pursuant to Article III of the United States Constitution, Congress has granted federal courts jurisdiction over certain cases when the parties are citizens of different states. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). This "diversity-of-citizenship" jurisdiction is the power to decide cases between citizens of different states. *See* 28 U.S.C. § 1332; *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Thus, federal district courts "have original jurisdiction over civil actions

---

Mar. 8, 2017). In this criminal action, Defendant represented Plaintiff from April 6, 2017 to January 19, 2018.

A jury convicted Plaintiff of both offenses and the District Court sentenced Plaintiff to 120 months of imprisonment on each count, to run concurrently. Plaintiff appealed, but the United States Court of Appeals for the Eleventh Circuit affirmed his conviction. *See United States v. Frantisek Pribyl*, No. 18-14225 (11th Cir. May 19, 2021).

where the amount in controversy exceeds the sum of $75,000 and the action is between citizens of different states." *Peebles v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 431 F.3d 1320, 1325 (11th Cir. 2005).

### 1.    *Plaintiff's Failure to Allege the Citizenship of the Parties*

Under diversity-of-citizenship jurisdiction, Congress also has authorized federal courts to exercise subject-matter jurisdiction over civil actions only when there is complete diversity of citizenship. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *see McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). For purposes of diversity jurisdiction, "a natural person is a citizen of the state in which he is 'domiciled.'" *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021); *McCormick,* 293 F.3d at 1257 (noting that for purposes of diversity "citizenship is equivalent to 'domicile'"). "Domicile requires both residence in a state and "an intention to remain there indefinitely . . . ." *McCormick*, 293 F.3d at 1258 (internal quotation marks omitted). While "residency is necessary," it alone is insufficient "to establish a citizenship in a state." *Smith*, 991 F.3d at 1149 (citing *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013)). In other words, it is possible for someone to reside in one place but be domiciled in another. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Thus, the party bearing the burden of establishing jurisdiction must show both "residency in a

state and an intent to remain in that state." *Smith*, 991 F.3d at 1149 (citing *Miss. Band of Choctaw Indians*, 490 U.S. at 48).

When a plaintiff brings suit in federal court, he must affirmatively allege facts that, taken as true, show the existence of federal subject-matter jurisdiction. *Travaglio*, 735 F.3d at 1268. "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

In this case, Plaintiff bears the burden of alleging facts which indicate that the District Court has subject-matter jurisdiction by virtue of the diverse citizenship of the parties. Plaintiff, however, has failed to plead any facts indicating that Plaintiff and Defendant are citizens of different states. In fact, the complaint is completely silent as to Plaintiff's citizenship and Defendant's citizenship. The undersigned specifically advised Plaintiff that he was required to allege sufficient facts to demonstrate that the District Court enjoys subject-matter jurisdiction, and the undesigned provided Plaintiff an opportunity to correct this deficiency. (Doc. 3 at 2). Nevertheless, Plaintiff has not filed an amended complaint that corrects this deficiency.

## 2.    *Plaintiff's Failure to Allege the Amount in Controversy*

In addition to his failure to allege the citizenship of the parties, Plaintiff also failed to allege an amount in controversy that meets or exceeds the jurisdictional threshold.

Congress has limited the diversity jurisdiction of federal courts to cases in which the controversy involves a minimum monetary amount. *See Snyder v. Harris*, 394 U.S. 332, 334 (1969). The amount in controversy for diversity jurisdiction, excluding interests and costs, must exceed $75,000. *Smith*, 236 F.3d at 1299 (citing 28 U.S.C. § 1332). With regard to the amount-in-controversy requirement for diversity jurisdiction, the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). In other words, a court will generally accept that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount. *Id.*

Here, Plaintiff does not specify the relief that he seeks, much less the amount in controversy. (Doc. 1). In fact, Plaintiff alleges only that Defendant "strip[ped] out Plaintiff from . . . $$$." (Doc. 1 at 1). Plaintiff never specifies an amount. Plaintiff's use of "$$$" provides no information to the court about the value of the relief sought. Accordingly, in yet a second respect, Plaintiff has failed to carry his burden of

demonstrating that the District Court enjoys subject-matter jurisdiction based on diversity of the parties' citizenship.

## IV. CONCLUSION

Because Plaintiff failed to carry his burden of alleging facts which indicate that the District Court enjoys subject-matter jurisdiction over this civil action, the undersigned respectfully **RECOMMENDS**:

1.      This case be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.[4]

2.      The clerk of the court be directed to close the case file.

At Pensacola, Florida, this 28th day of September, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the**

---

[4] Even if the District Court had subject-matter jurisdiction, the District Court also should dismiss this action because Plaintiff failed to comply with court orders and failed to prosecute this case. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

**electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.